**AIR TRANSPORT, INC., Plaintiff,**

v.

**RANSOM AIRCRAFT SALES & BROKERAGE, INC., Defendant.**

Civ. No. 70-354.

United States District Court,
S. D. Ohio, E. D.
Sept. 30, 1971.

Laurence E. Sturtz and Lyman Brownfield (trial attorney), Columbus, Ohio, for plaintiff.

James R. Butler, Columbus, Ohio, for defendant.

## OPINION AND ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on defendant's motions, pursuant to Rule 12 (b) (2) and 12(b) (5) of the Federal Rules of Civil Procedure, to dismiss for lack of *in personam* jurisdiction and to quash service of process.

Plaintiff, Air Transport, Inc., an Ohio corporation, brings suit against defendant, Ransom Aircraft Sales and Brokerage, Inc., a Florida corporation, for breach of a joint venture agreement entered into by the parties on March 3, 1970.

This joint venture agreement, which has been made part of the record, was negotiated by the parties for the single purpose of purchasing, for resale, fifteen "Convair" airplanes from Delta Air Lines, Inc.

The agreement obligated the defendant to purchase the airplanes, to remove, repair, insure and advertise them and to negotiate their resale. Plaintiff's undertaking under the agreement was to provide one-half of the funds for purchase and resale of the planes and to accept transfer of the planes in the event that they could not be resold. All profits were to be divided evenly between the two contracting parties.

The substance of the complaint is that defendant has failed to pay plaintiff its proportionate share of proceeds received on the sale of airplanes and airplane parts, has appropriated aircraft to its own personal use and has incurred expenses in the name of the joint venture which were not properly chargeable to it. Plaintiff demands an accounting and payment of its share of the profits.

I

Defendant submits, by way of motion to dismiss, that it is a corporation organized under the laws of Florida with its principal place of business in Florida and is not amenable to personal jurisdiction in Ohio. It is plaintiff's contention that defendant is subject to the "long-arm" jurisdiction of the Ohio courts, as provided for by Section 2307.382, Ohio Revised Code.[1]

Section 2307.382, *supra*, gives the Ohio courts jurisdiction over a non-domiciliary who "transacts any business in this state," as to causes of action arising from such business. It is not disputed that this action arises out of an alleged breach of the joint venture agreement entered into by the parties. The issue before this court is whether the creation of such joint venture agreement constituted the "transaction of any business" in Ohio by defendant, so as to make it amenable under due process standards to suit in Ohio.

This question, while one of first impression in Ohio, was dealt with in some

---

1. Section 2307.382, Ohio Revised Code, is made applicable to district courts sitting in Ohio by virtue of Rule 4(e) of the Federal Rules of Civil Procedure which provides:

    "(e) *Service Upon Party Not Inhabitant of or Found Within State.* * * whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons * * * upon a party not an inhabitant of or found within the state * * * service [of summons] * * * may * * * be made under the circumstances and in the manner prescribed in the statute or rule."

    See, also, Ohio Rules of Civil Procedure, Rule 4.3(A) (1).

detail in at least one reported case. Friedr. Zoellner (New York) Corp. v. Tex Metals Co., 278 F.Supp. 52 (D.C. N.Y.1967), affirmed 396 F.2d 300 (2d Cir. 1968).

*Zoellner* involved the alleged breach of an oral joint venture agreement, negotiated over the telephone, for the purchase and resale of scrap metals. Under the terms of the agreement, Tex Metals, a Texas corporation, was to purchase copper in the United States and to store materials not designated for immediate shipment in facilities rented by it. All materials were invoiced in Texas. Zoellner, a New York corporation, was to arrange subsequent shipment to its customers around the world. Profits were to be divided equally between the two contracting parties.

Jurisdiction in *Zoellner* was asserted under New York's long-arm statute, identical for purposes of this action to Rule 4.3(A) (1) of the Ohio Rules of Civil Procedure, *supra*. See, Section 302 N.Y. C.P.L.R. Plaintiff alleged that by commencing the joint venture, Tex Metals availed itself of the privilege of conducting activities in New York and thus subjected itself to *in personam* jurisdiction. The New York District Court held that Tex Metals' activities in New York were insufficient to constitute the transaction of business within that state and granted defendant's motion to dismiss for lack of *in personam* jurisdiction.

■ A provision of the joint venture agreement in this case provided: "[t]he joint venture is organized in Columbus, Ohio, and will have its principal place of business at the offices of Air Transport at Port Columbus, Ohio." Such provision is by itself insufficient to invest this Court with jurisdiction, absent a showing of purposeful act or acts by the defendant in Ohio, in furtherance of or pursuant to the agreement. See, *Zoellner, supra;* Hanson v. Denkla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

■ None of the acts contributing to the alleged breach of agreement occurred in Ohio. As in *Zoellner,* the defend-ant in this case "maintains no offices, bank account, telephone listing or warehouse for the storage of goods [in Ohio], nor does it employ any salesmen, solicit any orders, make any sales or conduct any shipping activities" in this state. See *Zoellner, supra,* 278 F.Supp., at 55.

It may be, and the parties' arguments on brief intimate, that negotiation and/or signing of the joint venture agreement took place in Ohio. However, no specific allegation to this effect has been made by plaintiff, no admission to this effect has been made by defendant, and there is nothing in the pleadings which would enable the Court to determine the extent, if any, of such negotiations.

The Court is therefore of the opinion that plaintiff has not satisfied, at this time, his burden of establishing jurisdiction over the person of the defendant. Oswalt Indus., Ind. v. Gilmore, 297 F. Supp. 307 (D.C.Kan.1969); Thompson v. Ecological Science Corp., 295 F.Supp. 1307 (D.C.Ark.1969); Optico Corp. v. Standard Tool Co., 285 F.Supp. 46 (D.C. Pa.1968). The Court therefore will grant defendant's motion to dismiss unless, within ten (10) days of this Order, plaintiff is able to amend his pleadings so as to adduce requisite jurisdictional facts.

### II

■ Defendant's motion to quash service of process is without merit. Service was made in this case by certified mail in Florida, in accordance with the Ohio Rules of Civil Procedure, Rule 4.3 (B). Defendant has made no showing that he was not properly notified of the pending action.

Wherefore, defendant's motion to quash service of process is without merit and it is therefore denied. The Court takes defendant's motion to dismiss for lack of jurisdiction under advisement pending the introduction of additional jurisdictional facts. Plaintiff is hereby given ten (10) days to amend his pleadings in accordance with this Opinion. Defendant will be allowed ten (10) days thereafter to submit memoranda or affidavits.