THE BIMAC CORPORATION v. HARLEY HENRY AND MURRAY H. WILLITTS

No. 7318SC206

(Filed 27 June 1973)

Judgments § 14— nonappearing defendant — default judgment — jurisdiction of Ohio court to enter

In an action instituted in Ohio to recover upon an open account where plaintiff, an Ohio corporation, alleged that defendants, residents of North Carolina, had transacted business in the state of Ohio and attached to the complaint a copy of the account involved, the Ohio court had personal jurisdiction over defendants, and the default judgment rendered against defendants in Ohio was valid and entitled to full faith and credit in North Carolina. Ohio Rules of Civil Procedure, Rule 4.3.

APPEAL by defendants from Exum, Judge, 27 March 1972 Session of Superior Court held in GUILFORD County, High Point Division.

Action to enforce a judgment obtained by plaintiff against defendants in Ohio in the amount of $5,962.31 plus interest.

On 4 September 1970 plaintiff, a manufacturer of plastic molding tools, instituted suit in Montgomery County, Ohio, against defendants, partners doing business as M & H Plastics Company, who were then residing in High Point, North Carolina. Plaintiff alleged that defendants had transacted business in Ohio, "to wit, the transaction which is the subject of this suit. . . . , " that plaintiff was seeking recovery of $5,962.31 upon an open account, a copy of which was attached to the complaint, and that the Ohio court had jurisdiction over the parties. The statement of account included three invoices on two dates totaling the amount claimed. Defendants were served by registered mail but did not appear in the action. Judgment

by default was entered for the amount claimed plus interest from 26 June 1969. On 8 September 1971 plaintiff filed suit in Guilford County to enforce the Ohio judgment.

Plaintiff introduced a copy of the Ohio judgment, affidavits of the Clerk of the Court of Common Pleas of Montgomery County, Ohio, a certificate of the judge of that court and the affidavit of Clyde McQuiston, President of Bimac Corporation. McQuiston's affidavit tended to show that plaintiff is an Ohio corporation located in Montgomery County, Ohio, is in the business of producing molding tools for the manufacture of plastic woodgrain furniture and molds were purchased in Ohio by defendants after they had made special trips to Ohio for that purpose. The affidavit states that all negotiations related to the purchasers took place in Ohio and, other than some molds which were shipped to Virginia, all of the other merchandise was shipped to places within Ohio. The affidavit of the Clerk of Court tended to show that copies of the complaint and process were mailed to defendants in compliance with applicable Ohio statutes.

Defendants introduced numerous exhibits including, among others, the original and amended complaints from the Ohio action, the return of service of summons and entry of the foreign judgment.

The parties stipulated, among other things, that: the defendants in this case are the same individual defendants named in the Ohio proceeding and that they did receive copies of the amended summons and amended complaint in that action; and that the exhibits were offered without objection and that there would be no evidence other than the exhibits.

The judge made findings of fact, conclusions of law and entered judgment awarding plaintiff the relief sought.

*Schoch, Schoch, Schoch and Schoch by Arch Schoch, Jr., for plaintiff appellee.*

*Morgan, Byerly, Post & Herring by William L. Johnson, Jr., for defendant appellants.*

VAUGHN, Judge.

Defendants contend that the Court of Common Pleas of Montgomery County, Ohio, did not have jurisdiction over the parties and that the judgment rendered by that court is invalid.

Rule 4.3 of the Ohio Rules of Civil Procedure governs procedures for out-of-state service of process. Rule 4.3 became effective on 1 July 1970. Rule 86, Ohio Rules of Civil Procedure. Pertinent sections of Rule 4.3 are:

"(A) When service permitted. Service of process may be made outside of this state, as provided herein, in any action in this state, upon a person who at the time of service of process is a nonresident of this state or is a resident of this state who is absent from this state. The term 'person' includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim which is the subject of the complaint arose, from the person's:

(1) Transacting any business in this state; . . . .

\*       \*       \*

(B)  Methods of service.

(1) Service by certified mail. Service of any process shall be by certified mail unless otherwise provided by this rule. . . ."

Before a court may enter judgment in a case where defendant fails to appear in the action within apt time, the statutes of North Carolina require proof by affidavit or other evidence of any fact not shown by verified complaint which is needed to establish grounds for personal jurisdiction over a defendant. G.S. 1-75.11(1). Defendant acknowledges that Ohio has no statutory counterpart to G.S. 1-75.11(1). Defendant contends, however, that the same requirements have been judicially established in Ohio. We disagree. Prior to adoption of Ohio Rule 4.3, Section 2307.382, Ohio Revised Code, made provision for personal jurisdiction in the following terms: "(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state; . . . ." We have examined reported decisions interpreting the Ohio statute and find no judicially imposed requirement comparable to G.S. 1-75.11(1).

Specifically, defendants cite *Wright v. Automatic Valve Co.,* 20 Ohio St. 2d 87, 253 N.E. 2d 771 and *Lantsberry v. Tilley*

*Lamp Co.,* 27 Ohio St. 2d 303, 272 N.E. 2d 127, in support of their position. In the Wright case it was held that plaintiff's allegations were insufficient to support a reasonable inference that defendant did anything which would place him within the act and plaintiff failed to allege that defendant performed any of the specifically enumerated acts established as prerequisites to personal jurisdiction. A similar error was committed by the plaintiff in the Lantsberry case where defendant's denial of activities relevant to each and every section of the statute went unchallenged and there was nothing in the pleadings to support application of the statute.

In *Air Transport, Inc. v. Ransom Aircraft Sales & Brok., Inc.,* 333 F. Supp. 1106 (1971), plaintiff brought suit against defendant for breach of a joint venture agreement entered 3 March 1970 to buy and sell used aircraft. Defendant, a Florida corporation, moved to dismiss for lack of *in personam* jurisdiction stating that defendant " 'maintained no offices, bank account, telephone listing or warehouse for the storage of goods [in Ohio], nor does it employ any salesmen, solicit any orders, make any sales or conduct any shipping activities' in this state." The issue framed by the court was "whether the creation of such joint venture agreement constituted the 'transaction of any business' in Ohio by defendant, so as to make it amenable under due process standards to suit in Ohio" under the provisions of Section 2307.382, Ohio Revised Code. Because plaintiff failed to allege that the agreement had been negotiated or signed in Ohio, a provision of the joint venture agreement, made part of the record, that "[t]he joint venture is organized in Columbus, Ohio, and will have its principal place of business at the offices of Air Transport at Port Columbus, Ohio" was insufficient itself to invest the court with jurisdiction. The case does not support defendants' contention.

In these and other cases found which construe the "transacting any business" provision of the Ohio statute, defendants raised the specific question of jurisdiction by challenging the adequacy of the allegations of the plaintiffs in the Ohio court. In cases where jurisdiction was denied, it appears that plaintiffs failed to allege a specific section of the statute *and* failed to make other allegations sufficient to support a reasonable inference that the challenging defendant's activities came within the scope of any specific provision of the statute. In the present case, plaintiff alleged that defendants "have transacted busi-

ness in the State of Ohio," and attached to the complaint a copy of the account involved. Defendants did not challenge the allegations of that complaint until plaintiff sought to enforce the judgment in North Carolina. The record in the Ohio case discloses that the court had personal jurisdiction and the grounds for such jurisdiction. We hold that the Ohio judgment in question is valid and entitled to full faith and credit in North Carolina.

Affirmed.

Judges BROCK and MORRIS concur.