FIRST-CITIZENS BANK & TRUST COMPANY v. R & G
CONSTRUCTION COMPANY

No. 743DC853

(Filed 4 December 1974)

**Appeal and Error § 6; Rules of Civil Procedure § 55— entry of default — interlocutory order — appeal**

    An order refusing to set aside an entry of default where judgment has not been entered is not a final order and is, therefore, not appealable.

APPEAL by defendant from *Phillips, District Judge,* 12 July 1974 Session of District Court held in CRAVEN County. Heard in the Court of Appeals on 21 November 1974.

The record filed in this cause shows the following: Plaintiff filed an unverified complaint on 10 May 1973 seeking a money judgment against the defendant. On 25 June 1973 plaintiff filed an affidavit alleging "that the complaint and summons

in this action were served on the defendant on May 17, 1973, as appears from the Sheriff's Return of Service of said summons; that the time within which the defendant may answer or otherwise move as to the complaint has expired; that the defendant has not answered or otherwise moved and that the time for defendant to answer or otherwise move has not been extended." On the same day, 25 June 1973, Judge Phillips entered an order, in pertinent part, as follows:

"That whereas it has been made to appear to the undersigned Judge . . . upon affidavit or otherwise that the defendant has failed to plead and that the defaulting party is neither an infant nor incompetent.

And that the defendant is otherwise subject to default judgment as provided by the North Carolina Rules of Civil Procedure.

Now, THEREFORE, default is hereby entered against . . . the defendant in this action, as provided by Rule 55(b) of the North Carolina Rules of Civil Procedure."

On 23 May 1974 the defendant filed a motion to set aside the order of 25 June 1973. Defendant appealed from an order entered 12 July 1974 denying its motion.

*Ward, Tucker, Ward & Smith, P.A., by Michael P. Flanagan for plaintiff appellee.*

*DeLaney, Millette & DeArmon by Ernest S. DeLaney, Jr., for defendant appellant.*

HEDRICK, Judge.

As a general rule an order setting aside or refusing to set aside an entry of default where judgment has not been entered is not a final order and is, therefore, not appealable. Annot., 8 A.L.R. 3d 1272, 1278 (1966); 4 Am. Jur. 2d, Appeal and Error, § 127 (1962).

Judge Phillips' order of 25 June 1973 is in no sense a final judgment. It is, at most, an entry of default, "an interlocutory act looking toward the subsequent entry of a final judgment by default and is more in the nature of a formal matter. . . ." *Whaley v. Rhodes,* 10 N.C. App. 109, 111, 177 S.E. 2d 735, 736 (1970) (citation omitted). Therefore, the appeal from the order denying defendant's motion to set aside the entry of default is

Trust Co. v. Smith

premature. An exception to such an interlocutory order, properly preserved, may be reviewed on an appeal from the final judgment.

Appeal dismissed.

Chief Judge BROCK and Judge CAMPBELL concur.