MILDRED RUTH PRIVETTE, INDIVIDUALLY, AND MILDRED RUTH
PRIVETTE, GUARDIAN AD LITEM OF MARTHA LYNETTE KEMPER,
MINOR, PETITIONERS v. ERNESTINE W. PRIVETTE, WIDOW; AVON
PRIVETTE, JR., AND WIFE, DEBBIE D. PRIVETTE; EUGENE
PRIVETTE AND WIFE, CARMEN PRIVETTE; PEOPLES BANK
& TRUST COMPANY OF ROCKY MOUNT, NORTH CAROLINA,
EXECUTOR OF THE LAST WILL AND TESTAMENT OF AVON PRIVETTE,
SR.; CENTRAL CAROLINA BANK AND TRUST COMPANY,
DURHAM, NORTH CAROLINA, EXECUTOR OF THE LAST WILL AND TESTA-
MENT OF WADE H. PRIVETTE, DEFENDANTS v. PEOPLES BANK
& TRUST COMPANY, TRUSTEE FOR WILLIAM AVON PRIVETTE,
JR., UNDER THE WILL OF AVON PRIVETTE, THIRD-PARTY DEFEND-
ANT

No. 769SC139

(Filed 7 July 1976)

**Rules of Civil Procedure §§ 6, 55— motion for extension of time to plead —
motion to set aside entries of default**

    In an action for partition of land, the trial court did not abuse
its discretion in (1) the denial of respondent appellant's Rule 6(b)
motion for an extension of time to plead to crossclaims alleging that
appellant has no interest in the property in question and (2) the de-
nial of appellant's Rule 55(d) motion to set aside entries of default
against him as to the crossclaims where appellant's affidavit stated
that an attorney advised him that it was not necessary to file an
answer to the petition for partition and that he did not consult an
attorney about the crossclaims and was unaware that he had to file
a responsive pleading to protect his interest in the property, and
where affidavits of the other respondents purported to show that
appellant had conveyed away his interest in the property in ques-
tion.

    APPEAL by respondents Eugene Privette and wife Carmen
Privette from order of *Bailey, Judge,* entered 27 February 1975
and judgment of *Godwin, Judge,* entered 18 September 1975 in
Superior Court, FRANKLIN County. Heard in the Court of Ap-
peals 25 May 1976.

    This cause began as a special proceeding to partition real
estate. In the petition, filed 30 August 1974, petitioner alleges
in pertinent part:

    Petitioner Mildred Ruth Privette (Mildred) is the widow,
and her ward, Martha L. Kemper (Martha) is the daughter of
the late Wade H. Privette (Wade). Respondent Ernestine W.
Privette (Ernestine) is the widow and respondent Avon Pri-
vette, Jr., (Avon, Jr.) is the son of the late Avon Privette, Sr.

(Avon). Respondent Peoples Bank & Trust Company of Rocky Mount (Peoples Bank) is executor of the last will and testament of Avon and respondent Central Carolina Bank and Trust Company (C.C.B.) is executor of the last will and testament of Wade.

Petitioners and respondents Ernestine and Avon, Jr., are tenants in common in two tracts of land located in Wake County and five tracts of land located in Franklin County, petitioners owning one-half interest in said lands and said respondents owning the other half. Petitioners and said respondents, together with respondent Eugene Privette (Eugene), are tenants in common of a 40⅝-acre tract in Franklin County, petitioners owning a one-third interest, respondents Ernestine and Avon, Jr., a one-third interest, and respondent Eugene a one-third interest.

Petitioners asked that certain timber on the lands be sold and the proceeds therefrom distributed to the tenants in common according to their respective interests; that the land then be partitioned among the owners according to their respective interests.

Process was served on all respondents in apt time. Eugene filed no answer but the other respondents filed answer denying that Eugene owned any interest in the 40⅝-acre tract. In further answers and crossclaims against Eugene and others, respondents Peoples Bank and C.C.B. alleged, *inter alia*, the following:

At some time prior to 1946 brothers Wade, Avon and Eugene each inherited a one-third undivided interest in certain realty from their father, including the 40⅝-acre tract of land in question. In January 1946 Eugene conveyed his one-third interest to Wade and Avon. (It is disputed whether the descriptions set forth in the deed included the subject tract.) Avon died in 1970 and Peoples Bank is holding his interest in the subject tract and the other lands as trustee. Wade died in 1974 and C.C.B. is holding his interest in the lands as executor and trustee. The deed from Eugene to Avon and Wade included the tract in question, and, in any event, Peoples Bank and C.C.B., and those under whom they claim, have been in adverse possession of said land for more than twenty years. Eugene nor his wife has any interest in the land and petitioners and Avon's widow and son have no standing to demand a partition of the land.

The crossclaims were served on Eugene and wife, one by mail and the other by the sheriff, on 28 October 1974. They filed no answer and on 13 February 1975 respondents, except Eugene and wife, filed motion for summary judgment. The motion was supported by affidavits, including one from petitioner adopting the position taken by the movants.

Eugene responded to the motion by affidavit explaining his failure to file answer to the crossclaims and asserting that he claimed one-third interest in the subject tract. On 24 February 1975 he moved for an extension of time within which to answer Peoples Bank's crossclaim; he did not mention C.C.B.'s crossclaim. On 24 February 1975 Judge Bailey entered orders denying the motion for summary judgment and denying Eugene's motion for extension of time to plead.

On 27 February 1975 the clerk entered default against Eugene as to both crossclaims. On 18 March 1975 Eugene, treating the affidavit which petitioner had filed in connection with the motion for summary judgment as an "amended petition," filed answer asserting his claim to a one-third interest. Eugene then moved for summary judgment and to set aside the entries of default. Respondents, except Eugene and wife, moved to strike Eugene's answer and renewed their motion for summary judgment. On 18 September 1975 Judge Godwin entered an order denying Eugene's motion to set aside the entries of default, and, upon Eugene's waiver of further notice, entered default judgment on the crossclaims. Eugene and wife appealed from the order of Judge Bailey denying his request for extension of time within which to plead and from the default judgment entered by Judge Godwin.

*Yarborough, Jolly & Williamson, by E. F. Yarborough and Wilbur M. Jolly, for petitioner appellees.*

*Davis & Davis, by F. Leary Davis, for respondent appellees and third-party respondent appellees.*

*J. Michael Weeks for respondent appellants.*

BRITT, Judge.

Appellants contend the trial court erred in (1) denying their motion pursuant to G.S. 1A-1, Rule 6(b), for an extension of time to plead to the crossclaims, (2) denying their motion pursuant to Rule 55(d) to set aside the entry of default

against them, and (3) entering default judgment on the cross-claims. We find no merit in the contentions.

It is clear that a motion pursuant to Rule 6(b) to enlarge the time for filing a pleading, and a motion pursuant to Rule 55(d) to set aside an entry by default are addressed to the discretion of the trial court. *Insurance Company v. Chantos*, 21 N.C. App. 129, 203 S.E. 2d 421 (1974). In addition, where a Rule 6(b) motion is made after the specified period, the rule expressly provides that the judge *may* allow the motion " . . . where the failure to act was the result of excusable neglect"; and the Rule 55(d) motion *may* be allowed "[f]or good cause shown . . . . " It is also clear that a discretionary order of the trial court is conclusive on appeal absent a showing of abuse of discretion. 1 Strong, N. C. Index 3d, Appeal and Error § 54.

In his affidavit filed with his Rule 6(b) motion, Eugene stated: He was personally served with process in the proceeding on 9 September 1974 and immediately sought the advice of legal counsel. His attorney advised him that if the allegations of the petition were true, it would not be necessary for him to file a responsive pleading. Relying on that advice, he filed no pleading. When the crossclaims were served on him on 29 October 1974, he did not consult his attorney and was unaware that he had to file a responsive pleading in order to protect his interest in the subject property. After receiving a copy of the notice and motion for summary judgment in February 1975, he consulted his attorney. If allowed to plead, he would deny the allegations of the crossclaims that he owns no interest in the subject property and that the other parties, and those under whom they claim, had been in adverse possession of the property for more than twenty years.

In the affidavits filed by respondents, except Eugene and wife, said respondents purported to show, among other things, that the deed from Eugene to Avon and Wade actually included the subject property. In his affidavit, T. H. LeCroy stated that he was formerly a vice-president of Peoples Bank; that in October 1971 Eugene told him that when he executed the deed to Avon and Wade he thought he was conveying all his interest in all Franklin County farms formerly owned by his father.

We hold that Judge Bailey did not abuse his discretion in denying Eugene's Rule 6(b) motion, and that Judge Godwin

did not abuse his discretion in denying the Rule 55 (d) motion. In view of this holding, we further hold that Judge Godwin did not err in entering judgment by default final against Eugene and wife. G.S. 1A-1, Rule 55 (b) (2).

Pursuant to Rule 10 (d) of the Rules of Appellate Procedure, appellees cross assign as error the failure of the trial court to rule on their motion for summary judgment filed 21 May 1975 on the grounds that on the record before the court there was no genuine issue as to any material fact and the movants were entitled to judgment in their favor as a matter of law, and said omission by the court deprived them of an alternative basis in law supporting the judgment from which appeal has been taken.

Inasmuch as we are affirming the judgment entered by Judge Godwin, which judgment includes the same relief appellees would receive through summary judgment, no ruling upon the cross assignment is necessary.

The order and judgment appealed from are

Affirmed.

Chief Judge BROCK and Judge VAUGHN concur.