BOBBY R. ROLAND v. W & L MOTOR LINES, INC.

No. 7629DC626

(Filed 2 February 1977)

1. **Judgments § 14; Rules of Civil Procedure § 55— default judgment after appearance by defendant**

   When a party or his representative has appeared in an action and later defaults, G.S. 1A-1, Rule 55(b) requires that the judge, rather than the clerk, enter the judgment by default after the required notice has been given.

2. **Appearance § 1; Judgments § 14— letter from officer of defendant — appearance — default judgment**

   A letter sent by defendant's vice-president to plaintiff's attorney and an assistant clerk of court which referred to plaintiff's complaint and its file number, and which responded to the allegations of the complaint and gave reasons for the denial of plaintiff's claim, constituted an "appearance" by defendant in the case; therefore, only the judge could enter default judgment against defendant, and default judgment entered by the clerk was void.

APPEAL by defendant from *Hart, Judge*. Judgment entered 5 May 1976 in District Court, McDOWELL County. Heard in the Court of Appeals 11 January 1977.

Plaintiff, formerly an employee of defendant, filed a complaint alleging that he had worked as a long-distance hauler for defendant from 22 February 1973 until 6 September 1973 and that defendant owed him $1,985.02 for pay and $500 for a bond which defendant had refused to refund. The summons showed that service was made on defendant by serving defendant's vice-president, Allen E. Bowman, on 14 June 1975. On 11 July 1975 Vice-President Bowman wrote a letter to plaintiff's attorney and sent a copy of the letter to the assistant clerk of court. In this letter, defendant pointed out that it was entitled under its contract with plaintiff to deduct from plaintiff's pay for losses caused by plaintiff's negligence; that because of plaintiff's negligence, a separate claim for $2,335.02 had been filed; that defendant had withheld $1,985.02 from plaintiff's pay and $350 from plaintiff's bond to offset this claim; and that plaintiff had never "refused" to refund anything. On 17 July 1975 plaintiff moved for entry of default, and default was entered by the assistant clerk on that day. Plaintiff also moved for default judgment on 21 July 1975 and a default judgment for $2,485.02 and $500 attorney's fee was allowed by the clerk of court on

that day and execution was issued. Defendant then moved to set aside the entry of default, alleging that its letter of 11 July 1975 should be treated as an answer. A hearing was held at which defendant was allowed to amend its motion to also seek to have the default judgment set aside. An order was then entered finding facts, concluding that the 11 July letter did not constitute an answer, and denying defendant's motion to vacate entry of default and default judgment. Defendant appealed.

*Dameron & Burgin, by Charles E. Burgin for the plaintiff.*

*Lefler, Gordon & Waddell, by Lewis E. Waddell, Jr. and John F. Cutchin, for the defendant.*

MARTIN, Judge.

The defendant's principal contention on appeal is that the 11 July letter should be treated as an answer. Defendant argues that, in writing this letter to the plaintiff's attorney, its vice-president was doing exactly what the civil summons had instructed. In addition, the defendant argues that the letter satisfies all the requirements for an answer in that it puts plaintiff on notice as to what defense would be asserted; that it sets up a defense in bar to plaintiff's claim; that it is responsive to the plaintiff's allegations; that it refers to the complaint and the file number; and that it is signed by the defendant.

Without deciding whether the defendant's 11 July letter constitutes an answer, we have concluded that the case at bar should be decided on other grounds.

As a general rule, an "appearance" in an action involves some presentation or submission to the court. See *Port-Wide Container Co. v. Interstate Maintenance Corp.*, 440 F. 2d 1195 (3d Cir. 1971). However, it has been stated that a defendant does not have to respond directly to a complaint in order for his actions to constitute an appearance. Wright & Miller, Federal Practice and Procedure: *Civil* § 2686 (1973). In fact, an appearance may arise by implication when a defendant takes, seeks, or agrees to some step in the proceedings that is beneficial to himself or detrimental to the plaintiff. 6 C.J.S. *Appearances* § 18. See also *Leasing, Inc. v. Brown*, 285 N.C. 689, 208 S.E. 2d 649 (1974); *Simms v. Stores, Inc.*, 285 N.C. 145, 203 S.E. 2d 769 (1974); Wright & Miller, *supra.*

In the case of *Dalminter, Inc. v. Jessie Edwards, Inc.,* 27 F.R.D. 491 (D.C. Tex. 1961), an action was commenced and a summons was served upon defendant requiring defendant to serve an answer upon plaintiff's attorney. The defendant then sent a letter to the plaintiff's attorney claiming that the wrong person had been served. The court, however, granted defendant's motion to set aside the default judgment later entered by the clerk because "[t]he letter of defendant served on plaintiff's counsel was an appearance, and it became the duty of Plaintiff's counsel, when seeking a judgment by default, to apprise the Court of said letter and to give the notice contemplated under Rule 55(b)(2)." *Dalminter, Inc. v. Jessie Edwards, Inc., supra* at 493.

[2]   In the case at bar, an examination of the record reveals that the summons indicated service upon defendant on 14 June 1975. On 11 July 1975, which was within 30 days from the date of the service of the complaint, one Allen E. Bowman, vice-president of W & L Motor Lines, Inc., the defendant, sent a letter to the plaintiff's attorney and a copy to the clerk of court acknowledging the complaint and its file number. This letter also referred to the lease agreement between plaintiff and defendant, outlined the agreement by plaintiff to allow deductions from his pay for any negligence, alleged a claim of negligence on plaintiff's part, and set forth the amounts deducted and the balance due. It is our conclusion that, in light of the aforementioned cases, this letter constitutes an "appearance" by the defendant and we so hold.

[1, 2]   Having concluded that the defendant has "appeared" in the case at bar, our next consideration is whether this appearance has any bearing on the validity of the default judgment, entered by the clerk, under G.S. 1A-1, Rule 55(b)(1). The pertinent statutory language on this particular question is as follows:

> "(b) Judgment. — Judgment by default may be entered as follows:
>
>> (1) By the Clerk. — When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the

Roland v. Motor Lines

defendant, *if he has been defaulted for failure to appear* and if he is not an infant or incompetent person. . . . " G.S. 1A-1, Rule 55(b)(1) (emphasis added).

Upon examination of this statute, we have concluded that there are thus two basic requirements that must be fulfilled before a clerk can enter a default judgment. These requirements are: (1) the plaintiff's claim must be for a sum certain or for a sum that can by computation be made certain, and (2) *the defendant must have been defaulted for failure to appear* and he must not have been an infant or incompetent person. We therefore hold that this statute is clearly intended to allow a clerk to enter default judgment against a defendant only if he has never made an appearance. *Radack v. Norwegian America Line Agency, Inc.,* 318 F. 2d 538 (2d Cir. 1963). See also Wright & Miller, *supra.* Moreover, when a party, or his representative, has appeared in an action and later defaults, then G.S. 1A-1, Rule 55(b) requires that the judge, rather than the clerk, enter the judgment by default after the required notice has been given. *Radack v. Norwegian America Line Agency, Inc., supra.* See also Wright & Miller, *supra.* Since the defendant appeared in the case at bar, then the judge rather than the clerk should have entered the default judgment.

We therefore hold that the default judgment filed by the clerk on 21 July 1975 is void and that the trial court erred in failing to set aside the entry of default and the default judgment under G.S. 1A-1, Rule 60(b).

The default judgment is vacated and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

Error and remanded.

Judges PARKER and ARNOLD concur.