KATIE B. SAWYER, ADMINISTRATRIX OF THE ESTATE OF TOMMIE SAWYER, DECEASED SUBSTITUTED PARTY PLAINTIFF v. JOHN H. COX, M.D. DEFENDANT

No. 7721SC366

(Filed 16 May 1978)

1. **Rules of Civil Procedure § 55— entry of default—written motion not mandatory**

    A written motion for entry of default is not mandatory since G.S. 1A-1, Rule 55 (a) provides for the use of affidavit or motion or some other method.

2. **Rules of Civil Procedure § 55— motion for entry of default—affidavit—allegation that defendant was not incompetent**

    An affidavit filed in support of plaintiff's motion for entry of default which stated that defendant was not an infant nor incompetent was not legally

insufficient because it failed to state that defendant was not incompetent at the time of service of process upon him.

**3. Rules of Civil Procedure § 55— motion for entry of default—affidavit—allegation that defendant was natural person domiciled in N. C.**

Defendant's contention that an affidavit filed in support of plaintiff's motion for entry of default failed to state that defendant was a natural person domiciled in the State of N. C. is without merit, since defendant was referred to in the affidavit and complaint as "John H. Cox, M.D.," "a licensed physician," "not an infant," and a "citizen," and defendant was further described as a citizen and resident of Forsyth County, N. C., a physician licensed to practice medicine in N. C., and a physician "engaged in the specialty of Dermatology in his office and place of occupation at 3000 Maplewood Avenue, Winston-Salem, North Carolina."

**4. Rules of Civil Procedure § 55— entry of default—oral motion sufficient**

Plaintiff's oral motion for entry of judgment by default made during a hearing was sufficient to satisfy the requirements of G.S. 1A-1, Rules 55(b)(2) and 7(b)(1).

**5. Rules of Civil Procedure § 60.1— setting aside default judgment—sufficiency of notice questioned**

Defendant's contention that judgment by default should be set aside because he was not served with written notice of the application for judgment at least three days prior to the hearing as required by Rule 55(b)(2) is without merit, since a "Request to Calendar Clerk" and a copy of the calendar were mailed to defendant at least ten days before the hearing; moreover, defendant had actual notice and appeared in person at the calendar call on 18 October, and the hearing was held three days later on 21 October as scheduled.

**6. Rules of Civil Procedure § 60.2— setting aside default judgment—insufficient grounds**

Defendant's contention that default judgment entered against him should be set aside because there was insufficient evidence of the causal connection between plaintiff's injury and defendant's negligence, because the trial court considered defendant's criminal record, and because defendant's problem with alcohol amounted to excusable neglect under Rule 60(b)(1) is without merit, since, in failing to deny plaintiff's allegation that defendant's negligence was the sole and proximate cause of plaintiff's injury, defendant admitted the averment; the trial court was unaware of defendant's criminal record until the case was over and the decision was made; and defendant's own witness termed him "an excellent physician" and defendant testified that he had not "had any alcohol for the last 5½ months."

APPEAL by defendant from *Collier, Judge.* Order entered 16 December 1976. Heard in the Court of Appeals 9 February 1978.

Plaintiff's intestate commenced this action by verified complaint filed in Forsyth County Superior Court 30 June 1976. The

complaint alleged *inter alia*: that defendant, a medical doctor, was negligent in rendering medical services to Tommie Sawyer in that he prescribed for Sawyer's use a drug which caused renal (kidney) failure and other problems and continued the medication after notice of the complications; that defendant's negligence was the sole cause of his injuries; and, that defendant was a citizen and resident of North Carolina maintaining an office in Winston-Salem, North Carolina. Summons was issued on 30 June 1976, and was returned showing service upon the defendant 6 July 1976. By affidavit of James A. Beaty, Jr. filed 11 August 1976, the plaintiff showed to the court: that defendant was personally served with summons 30 June 1976; that defendant was not an infant and was not incompetent; and that defendant had failed to answer. Based upon the foregoing, the clerk entered default 11 August 1976.

Counsel for plaintiff requested the clerk on 7 October 1976 to calendar for hearing on Tuesday or Thursday of the week of 18 October 1976 its motion for default judgment. Defendant received a letter dated 28 September which stated "that your case which was scheduled for October 11th, 1976, has been rescheduled for October 18th, 1976, at nine thirty o'clock in the morning." Defendant also received a copy of the calendar request and, as a result thereof, was personally present at the calendar call on 18 October. The trial judge set the hearing for 21 October 1976, and on 18 October the clerk personally informed defendant that he should be in court for the hearing at 9:30 a.m. on Thursday, 21 October 1976. The clerk called the defendant's office on Wednesday afternoon and told the receptionist that the hearing would be held on Thursday morning at 9:30.

A hearing was held 21 October 1976 as scheduled. Defendant did not appear. Judgment by default was entered, and, after a hearing on the issue of damages, $354,318.75 was awarded as compensatory damages. Judgment was signed and filed 26 October 1976. At the end of the hearing on 21 October, the court directed that a copy of the judgment and a copy of defendant's criminal record be sent to the Board of Medical Examiners. On 22 October, defendant called the offices of Judge Collier and the Clerk of Superior Court to tell them that he had been suffering from abdominal pain and diarrhea (self-diagnosed) on 21 October. On 26 October, defendant was served with a copy of the judgment.

On 29 November 1976, defendant moved the trial court to stay execution of the judgment pursuant to Rule 62 and to set aside the judgment pursuant to Rule 55(d) (later the motion was amended so that it was pursuant to Rule 60(b)). Defendant alleged that entry of judgment by default was improper and that his failure to plead had been the result of excusable neglect.

A hearing on defendant's motion to set aside the judgment was held on 9 December 1976. Defendant presented evidence showing that he was a 64-year-old licensed physician. He admitted that he had previously suffered from his use of alcohol, but he testified that he had not "had a drink of any sort of alcoholic beverage now in roughly 5½ months." He defended his treatment of Tommie Sawyer. Defendant admitted receiving the summons and a copy of the complaint, and he testified that he read the complaint. He understood that he was to answer within 30 days. His self-diagnosed illness was his only reason for not appearing at the 21 October hearing. When asked why he did not answer the complaint within 30 days, defendant testified, "I assumed that I would be notified when to appear."

By order of 16 December 1976, the trial court denied defendant's motion to set aside the verdict. From that order, defendant appealed.

*Erwin and Beaty, by James A. Beaty, Jr., for the plaintiff appellee.*

*Robert B. Wilson, Jr., for the defendant appellant.*

MORRIS, Judge.

Defendant raises two primary questions for this Court: (1) Was judgment by default properly entered? (2) If so, should that judgment be set aside under Rule 60(b)?

Defendant advances four arguments to support his contention that judgment by default was erroneously entered. We will address each argument separately.

[1]  First, defendant asserts that the clerk's entry of default was improper in that no written application for entry of default was made. Rule 55(a) of the Rules of Civil Procedure provides that "[w]hen a party against whom a judgment . . . is sought has failed

to plead . . . and that fact is made to appear by affidavit, motion . . . or otherwise, the clerk shall enter his default." Rule 55(a) provides for the use of affidavit *or* motion *or* some other method. The use of the disjunctive rather than the conjunctive suggests that the use of a written motion is not mandatory. While it may be better practice to file a written motion, we do not believe that the use of a written motion is mandatory.

[2, 3] Second, defendant asserts that there was no jurisdictional basis for the judgment by default because of failure to comply with G.S. 1-75.11. For the purposes of this discussion we will assume that defendant did not appear. Defendant points to two defects. (1) He asserts that the 11 August 1976 affidavit supporting the judgment, as required by G.S. 1-75.11, was defective in stating that "defendant . . . is not an infant, and neither is he incompetent nor suffering under any known legal disability." He argues that Rule 4(j) requires that the person so served be competent at the time of service (in this case 6 July 1976). In short, defendant urges this Court to hold that the affidavit is legally insufficient because it did not state that defendant *was not* incompetent on 6 July 1976. Defendant offers no evidence at all to show that he was in fact incompetent. He merely relies upon the technical defect. In developing the philosophy of the new Rules of Civil Procedure in this State, we have generally adopted the philosophy of interpretation of the Federal Rules of Civil Procedure in interpreting the Rules liberally and disregarding technicalities. *Johnson v. Johnson*, 14 N.C. App. 40, 187 S.E. 2d 420 (1972). In the absence of some evidence of incompetence, we are not willing to apply the Rules as technically as defendant would have us. (2) Defendant argues that G.S. 1-75.11 was violated in that the supporting affidavit failed to state that defendant was a natural person domiciled in the State of North Carolina. We consider both the affidavit and verified complaint. *See Bimac Corporation v. Henry*, 18 N.C. App. 539, 197 S.E. 2d 262 (1973). Defendant is referred to as "John H. Cox, M.D.", "a licensed physician", "not an infant", and a "citizen". We believe these terms show that he is a natural person. He was further described as a citizen and resident of Forsyth County, North Carolina, a physician licensed to practice medicine in the State of North Carolina, and a physician "engaged in the specialty of Dermatology in his office and place of occupation at 3000 Maplewood

Avenue, Winston-Salem, North Carolina." We believe these un-contradicted facts are sufficient to show "domicile" in North Carolina. Therefore, we hold that the jurisdictional requirements of G.S. 1-75.11 are satisfied.

[4]  Third, defendant argues that Rule 55(b)(2) requires a written motion for entry of judgment by default. We disagree. Rule 55(b)(2) states that "the party entitled to a judgment by default shall apply to the judge therefor;" the rule does not specifically require a written motion. Rule 7(b)(1) requires that an application be made by written motion "unless made during a hearing". Since a hearing was conducted 21 October 1976, plaintiff's oral applica-tion for judgment during that hearing would be sufficient.

[5]  Fourth, defendant argues that judgment by default should be set aside because he was not served with "written notice of the application for judgment at least three days prior to the hearing" as required by Rule 55(b)(2). Although there is some question as to whether defendant's physical presence at the calendar call on 18 October amounted to an appearance, we will, for the purpose of addressing this argument, assume that defendant "appeared". Rule 55(b)(2) requires that the non-moving party "shall be served with written notice of the application for judgment at least three days prior to the hearing on such application". Rule 5(b) provides that service may be accomplished "by mailing it [the notice] to him at his last known address . . . ." The record shows that de-fendant received a copy of the "Request to Calendar Clerk" re-questing a "trial on the merits Motion D & J" for Tuesday or Thursday of the week of 18 October 1976. Defendant also was mailed a copy of the actual calendar at least ten days before the hearing. We believe that the mailing of these two documents is sufficient "written notice of the application for judgment". Fur-thermore, we note that defendant had actual notice and appeared in person at the calendar call on 18 October and that the hearing was held three days later on 21 October as scheduled. We believe that the "Request to Calendar Clerk" and the calendar which were mailed to defendant were sufficient notice to satisfy the re-quirements of Rule 55(b)(2). We do not discuss whether the actual notice would constitute a sufficient reason to deny defendant's Rule 60(b) motion.

[6]  Defendant further contends that the judgment by default should be set aside under Rule 60(b) even if it was properly

entered. First, defendant argues that there was insufficient evidence of the causal connection to support the judgment. Plaintiff alleged in the complaint that "defendant's negligence was the sole and proximate cause" of Sawyer's injury. In failing to deny the allegation, defendant admitted the averment. Rule 8(d), North Carolina Rules of Civil Procedure. Thus, there is an admission of the causal connection. Defendant also argues that the judgment should be set aside because the trial court considered defendant's criminal record. The evidence simply does not support this allegation. The record reveals that the court was unaware of defendant's criminal record until the "case was over and the decision was made." Defendant further argues that defendant's problem with alcohol amounted to "excusable neglect" under Rule 60(b)(1). Defendant's argument is without factual basis. Defendant's own witness termed him "an excellent physician", and defendant testified on 9 December 1976 that he had not "had any alcohol for the last 5½ months."

Finally, defendant argues that the trial court abused its discretion in not setting aside the judgment under Rule 60(b)(6) because allowing defendant to answer would have been appropriate to accomplish justice. Defendant points out that he was present at the calendar call. He also notes that he finally took some action 30 days after default. In this case, defendant actually received service of process, read the complaint, realized he was to answer within 30 days, actually knew of the hearing on motion for judgment by default, but took no action at all. The record before us reveals no circumstance which would indicate abuse of discretion. Defendant, a well educated professional man, simply failed to take care of his business.

Affirmed.

Judges CLARK and MITCHELL concur.