PATRICIA T. BAILEY AND EBERT L. BAILEY, JR. v. MARVIN C. GOODING, SEASHORE TRANSPORTATION COMPANY AND CAROLINA COACH COMPANY

No. 798SC538

(Filed 4 March 1980)

1. **Rules of Civil Procedure § 60— default judgment on liability issue—order for trial on damages issue—motion for relief from judgment—no final judgment**

     A superior court judge had no authority under Rule 60(b) to set aside on the ground of mistake, inadvertence, surprise or excusable neglect a default judgment entered by another superior court judge which determined the issue of liability in a personal injury action and ordered a jury trial on the issue of damages, since the judgment was not a final default judgment which would be subject to a Rule 60(b) motion.

2. **Rules of Civil Procedure § 55.1— setting aside entry of default—standard of "good cause shown"**

     The trial court erred in refusing to set aside an entry of default where the court incorrectly applied the "mistake, inadvertence, surprise or excusable neglect" standard of Rule 60(b)(1) rather than the "good cause shown" standard of Rule 55(d), and the cause is remanded for a determination of whether good cause exists to set aside the entry of default.

     Judge CLARK concurring in result.

     Judge HEDRICK dissenting.

APPEAL by plaintiffs from *Stevens, Judge*. Judgment entered 9 May 1979 in Superior Court, WAYNE County. Heard in the Court of Appeals 15 January 1980.

The matters at issue arise out of a collision on 6 February 1977 between a car driven by plaintiff, Patricia T. Bailey and owned by plaintiff, Ebert L. Bailey, Jr., and a bus driven by defendant, Marvin C. Gooding, an employee of defendant, Seashore Transportation Company who leased the bus from defendant, Carolina Coach Company. Plaintiffs' attorney wrote a letter to defendant, Seashore Transportation, on 11 May 1977 responding to a letter by this defendant to the plaintiff driver and requesting that this defendant forward the letter to its insurance carrier and have the carrier contact him concerning the collision. Plaintiffs received no further communication, and on 16 June 1977, they filed suit against the defendants, who were properly served.

On 7 July 1977, W. S. Pearce, Jr., a licensed insurance adjuster for Pennsylvania National Mutual Casualty Insurance Company, the insurance carrier for defendant, Seashore Transportation, called on plaintiffs' attorney. The following day, as a result of the visit, plaintiffs' attorney wrote Pearce:

> In line with our agreement this date I write to confirm that I will not take an entry of default in this case until our negotiations break down. As I understand it you will be back in touch with me around the first of August and at that time we will either give you a further continuance or decide to proceed with the suit. At that time if the negotiations break down we will give you additional time within which to secure counsel and file answer.

Based on service of process, defendants, Carolina Coach and Gooding, would have had until 18 July 1977 to answer the complaint and defendant, Seashore Transportation, had until 22 July 1977. Plaintiffs' attorney, in an affidavit, stated the agreement to delay in proceeding on the suit was so that Pearce could continue his investigation and determine if there was any liability, and in particular, interview a certain witness. Pearce, in an affidavit, stated the agreement was made because plaintiffs' attorney had not collected his evidence of special damages (medical bills, medical reports and statements of lost wages) and so that Pearce could interview a certain witness whose name and address had been given him by plaintiffs' attorney.

Plaintiffs' attorney did not hear from Pearce by 1 August, and on 10 August wrote Pearce:

As I recall from our conversation on July 7th you were to let me hear from you on or about August 1st. I would appreciate it if you would advise me as soon as possible as to your company's position regarding liability.

I am still unable to furnish you complete medicals in the case since Mrs. Bailey is still having to go to the doctor and still having considerable trouble.

Pearce wrote plaintiffs' attorney in reply on 22 August:

I am sorry that I was not able to get back to you at the planned time. I attempted on numerous occasions to get in touch with the witness without success. I have now been able to talk to her by telephone. I have an appointment on 9-1-77 to obtain her statement and I hope that I will be able to be in touch with you in the very near future after that date.

Pearce was not able to get up with the witness. Pearce, in his affidavit, states that he called on plaintiffs' attorney on 15 September 1977. The attorney was out but Pearce left word that he was still investigating the matter and would get back to the attorney. Plaintiffs' attorney denies ever receiving such a message.

Pearce thought he and the attorney were negotiating the entire case, and because of his inability to interview a particular witness and plaintiffs' attorney's inability to provide medicals, the case was still under investigation. Plaintiffs' attorney maintains the negotiations were on liability only. The parties and their agents did not communicate further.

On 6 October 1977, plaintiffs' attorney filed a calendar request for a hearing on a motion in the case and mailed a copy of the calendar request to each defendant. The request did not specify the nature of the motion. Plaintiffs' attorney caused a default to be entered before the clerk of superior court on 17 October 1977. He had received no response from anyone for defendants until the next day when he received a letter from attorney B. T. Henderson informing plaintiffs' attorney that his firm had been retained in the case of *"Patricia T. Bailey, et al. vs. Seashore Transportation Co., et al."* The body of the letter dated 17 October 1977 read:

Pennsylvania National has referred the above matter to us to defend, and we note from correspondence in the file (which we received today) that you agreed to give additional time for filing answer if you and Mr. Pearce could not agree on a settlement.

We are taking the liberty of enclosing a stipulation extending the time for answer for thirty days, and we will appreciate it if you will consent to the stipulation and return it to us for filing.

Plaintiff filed his motion for default judgment on 20 October 1977 and on 28 October 1977 defendants filed a motion to set aside the entry of default and a response to the motion for default judgment alleging mistake in that they thought negotiations, as agreed to and evidenced by the letters of 8 July and 10 August 1977 by plaintiffs' attorney, had not broken down and excusable neglect in that counsel employed on 17 October 1977 had not been furnished any notice of a pending or actual entry of default. Defendants' response also indicates a meritorious defense. The matter was heard on 9 November 1977 by the presiding Superior Court Judge John R. Friday, who deferred ruling until the receipt of medical evidence. Defendants filed an unverified answer in the suit on 22 November 1977. The answer, in part, denied liability and asserts a defense of contributory negligence for defendants and a defense of lack of control of operation of the vehicle for defendant, Carolina Coach, by the terms of its lease with defendant, Seashore Transportation. The plaintiff driver's deposition was taken on or about 26 January 1978.

A hearing was held on 6 February 1978 before presiding Superior Court Judge David I. Smith, who denied defendants' motion to set aside the clerk's entry of default. An affidavit by plaintiffs' attorney, an affidavit by Pearce and the pleadings were apparently before the court. The order provided:

THIS CAUSE being heard by the undersigned Judge on Motion of the defendants for an order setting aside entry of default and-default-judgment (DIS 2/9/78) and it appearing to the Court upon the pleadings, affidavits and arguments of counsel that the failure of the defendants to file answer or otherwise plead or appear in this action was not due to any of the reasons justifying relief set out in Rule 60(b) and good

cause has not been shown for the setting aside of said entry. and-judgments (DIS 2/9/78)

IT IS THEREFORE ORDERED in the discretion of the Court that the Motions of the defendants to set aside the entry of judgment and (DIS 2/9/78) default judgment (DIS 2/9/78) previously entered be, and the same are hereby denied.

Judge Smith also entered a paper captioned a "Judgment" which provided:

THIS CAUSE being heard by the undersigned Judge on Motion of plaintiffs and it appearing to the Court upon the pleadings, affidavits and arguments that this is an action for damages arising from a collision between a bus owned by the defendant, Carolina Coach Company, leased to the defendant, Seashore Transportation Company, and driven by defendant, Marvin C. Gooding; that personal service was had on the defendants; that the Court has jurisdiction over the subject matter of the action; that the defendants are not under disability and have failed to plead or appear in the time allowed by law; that default had been entered and that the defendants are liable to the plaintiffs for damages to be determined by a jury as demanded by plaintiffs;

IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED that the plaintiffs have and recover of the defendants such damages as may hereafter be determined.

IT IS FURTHER ORDERED that this action be placed on the trial calendar for the determination of damages by the jury.

Defendants excepted to both the denial of this motion to set aside entry of default and the "judgment" awarding a jury trial on the issue of damages which was required because a jury trial had been demanded by plaintiffs in their complaint. The jury trial on damages was never held.

On 2 June 1978, defendants filed a motion pursuant to Rule 60(b) to set aside the default judgment and accompanied it with an affidavit by Pearce almost identical to the one filed when the motions to set aside the entry of default and deny entry of default judgment were heard. This motion was heard on 7 May 1979 by presiding Superior Court Judge Henry L. Stevens III,

who granted the motion and asked defendants' attorney to draw a fact finding order. This order was tendered to plaintiffs' counsel, who filed objections to many of the facts. Plaintiffs' objections and motions for additional findings were rejected and the order was entered as submitted by defendants.

Plaintiffs properly excepted to the findings of fact pursuant to Rule 60(b)(1) and to the order setting aside the default judgment "on grounds of mistake, inadvertence, surprise and excusable neglect." Plaintiffs appealed the granting of the Rule 60(b) motion. A motion in this Court by defendants to dismiss the appeal from the granting of the Rule 60(b) motion as interlocutory was denied by a different panel of judges on 28 June 1979.

*Freeman, Edwards and Vinson, by George K. Freeman, Jr., and Narron, Holdford, Babb, Harrison and Rhodes, by William H. Holdford, for plaintiff appellants.*

*Young, Moore, Henderson and Alvis, by B. T. Henderson II and Robert C. Paschal, for defendant appellees.*

VAUGHN, Judge.

This appeal arises out of the attempt by plaintiffs to obtain a default judgment. On 17 October 1977, they obtained an entry of default before the clerk of superior court.

> Entry.—When a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or otherwise, the clerk shall enter his default.

G.S. 1A-1, Rule 55(a). The entry of default by the clerk was properly taken and entered. The entry of default is an interlocutory, ministerial duty looking towards the final entry of judgment by default. It is merely a matter of form. *Whaley v. Rhodes*, 10 N.C. App. 109, 177 S.E. 2d 735 (1970). Plaintiffs through an affidavit made it appear that defendants had not answered their complaint within the time required by the Rules of Civil Procedure. G.S. 1A-1, Rules 6, 7, 12(a)(1). Plaintiffs properly demonstrated they were entitled to an entry of default.

The clerk of superior court could not, however, enter default judgment. The clerk can enter default judgment only when (1) plaintiff's claim is for a sum certain or for a sum that can be made certain by computation and (2) the defendant is defaulted for failure to appear and is not an infant or incompetent person. G.S. 1A-1, Rule 55(b)(1); *Roland v. Motor Lines*, 32 N.C. App. 288, 231 S.E. 2d 685 (1977). This personal injury suit does not present a claim for a sum certain and plaintiff's complaint expressly requests that a jury determine the amount of the claim. Thus, plaintiff properly applied to a judge of the superior court.

(b) Judgment.—Judgment by default may be entered as follows:

(2) By the Judge.—In all other cases the party entitled to a judgment by default shall apply to the judge therefor; for no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a guardian ad litem or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If, in order to enable the judge to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to take an investigation of any other matter, the judge may conduct such hearings or order such references as he deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by the Constitution or by any statute of North Carolina.

G.S. 1A-1, Rule 55(b)(2). Plaintiffs properly moved for default judgment on 20 October 1977. It was thus before a superior court judge to hear the application for judgment. Proper notice was given to defendants. *See Sawyer v. Cox*, 36 N.C. App. 300, 244 S.E. 2d 173, *cert. den.*, 295 N.C. 467, 246 S.E. 2d 216 (1978).

The case was before the trial court on a motion by defendants to set aside the entry of default and on plaintiffs' motion for judgment of default. "For good cause shown the court *may* set

aside an entry of default. . . ." G.S. 1A-1, Rule 55(d). The motion to set aside the entry of default was addressed to the sound discretion of the trial judge. *Privette v. Privette,* 30 N.C. App. 41, 226 S.E. 2d 188 (1976); *Acceptance Corp. v. Samuels,* 11 N.C. App. 504, 181 S.E. 2d 794 (1971). Judge Friday heard the two motions on 9 November 1977 and deferred action. Before the matter was again heard, defendants filed their unverified answer and deposed the plaintiff driver.

[1]   On 6 February 1978, the matter came on before Judge Smith. He denied defendants' motion to set aside the entry of default and ordered a jury trial to determine the amount of damages. The order refusing to set aside the entry of default was interlocutory and unappealable. Appeals at this stage have been dismissed. *Acoustical Co. v. Cisne and Associates,* 25 N.C. App. 114, 212 S.E. 2d 402 (1975); *Trust Co. v. Construction Co.,* 24 N.C. App. 131, 210 S.E. 2d 97 (1974); *see also Waters v. Personnel, Inc.,* 294 N.C. 200, 240 S.E. 2d 338 (1978). The matter should have gone on for trial on damages and then defendants could have presented their exceptions to the entry of default and the default judgment after the jury trial on damages. Under our former procedure, the action of Judge Smith would have been a judgment of default and inquiry. A final judgment of default was not entered. *See* G.S. 1-212 (repealed effective 1 January 1970). Under the new rules, there is no intermediate judgment by default and inquiry. A default judgment, however, can be entered only after everything required to its entry has been done. *See* Official Commentary to Rule 55. In this case, everything required for its entry had not been done. A jury trial to determine damages was still needed. A final judgment is one which disposes of the cause. " 'An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.' " *Tridyn Industries v. American Mutual Insurance Co.,* 296 N.C. 486, 488, 251 S.E. 2d 443, 445 (1979); *Veazey v. Durham,* 231 N.C. 357, 362, 57 S.E. 2d 377, 381 (1950). In *Tridyn,* the Court held that summary *judgment* on the issue of liability, leaving for trial the issue of damages was merely an interlocutory order from which appeal would not lie. Judge Smith's *judgment* on the issue of liability which ordered that the case be placed on the calendar for trial on the issue of damages is also merely an interlocutory

order. It is not a final judgment entered by default which is subject to a Rule 60(b) motion.

Defendants, however, filed a motion on 2 June 1978, pursuant to Rule 60(b), to set aside the default judgment. This is the proper procedure *if* there is a final default judgment. G.S. 1A-1, Rule 55(d). In this case, no final default judgment had yet been entered. It was necessary to resolve the damage issue before judgment could be entered. Judge Stevens, however, went on to hear the motion, found facts and entered an order removing the nonexistent default judgment "on grounds of mistake, inadvertence, surprise and excusable neglect." He considered nothing more than the matters previously considered by Judge Smith who ruled just the opposite in refusing to set aside the entry of default. Generally, one superior court judge cannot overrule another. *In re Burton*, 257 N.C. 534, 126 S.E. 2d 581 (1962). This is applicable even in a case involving an interlocutory order such as the present case where there is no showing of changed circumstances since the entry of the interlocutory order. Defendants presented nothing new for Judge Stevens to hear that Judge Smith had not already heard. Thus, the order by Judge Stevens granting the Rule 60(b) motion is vacated.

Although an order refusing to set aside an entry of default is interlocutory, consideration will, nevertheless, be given to whether Judge Smith was in error in refusing to set aside the entry of default in this case. In our discretion, we have previously elected to hear other cases on appeal at this stage. *See, e.g., Miller v. Miller*, 24 N.C. App. 319, 210 S.E. 2d 438 (1974); *Howell v. Haliburton*, 22 N.C. App. 40, 205 S.E. 2d 617 (1974); *Crotts v. Pawn Shop*, 16 N.C. App. 392, 192 S.E. 2d 55, *cert. den.*, 282 N.C. 425, 192 S.E. 2d 835 (1972); *Hubbard v. Lumley*, 17 N.C. App. 649, 195 S.E. 2d 330 (1973); *Whaley v. Rhodes*, 10 N.C. App. 109, 177 S.E. 2d 735 (1970).

There are distinctions between setting aside an entry of default and setting aside a default judgment. The former is governed by the first clause of Rule 55(d) (emphasis added) which requires that "[F]or *good cause shown*, the court may set aside an entry of default." The latter is governed "in accordance with Rule 60(b)." *Id.* In setting aside a default judgment, "mistake, inadvertence, or excusable neglect," G.S. 1A-1, Rule 60(b)(1), for ex-

ample, must be present but not in the setting aside of an entry of default. Both are, however, within the sound discretion of the trial judge. Thus, the standard in this case is whether good cause is shown and whether the trial judge abused his discretion in his decision. The defaulting party does not have to show excusable neglect. The standard is more lax than that required for setting aside a default judgment pursuant to Rule 60(b). *Crotts v. Pawn Shop*, 16 N.C. App. 392, 192 S.E. 2d 55, *cert. den.*, 282 N.C. 425, 192 S.E. 2d 835 (1972).

[2] In this case we do not reach the issue of whether the trial judge abused his discretion in refusing to set aside the entry of default. From the face of the order, it is apparent that Judge Smith was operating under a misapprehension of the law. He denied defendants' motion to set aside entry of default stating that

> it appear[ed] to the Court . . . that the failure of the defendants to file answer or otherwise plead or appear in this action was not due to any of the reasons justifying relief set out in Rule 60(b) and good cause has not been shown for the setting aside of said entry.

Judge Smith was applying the more strict standards of Rule 60(b) and this was error. He was only to determine if good cause was shown to set aside the entry of default. This case will, therefore, be remanded to determine whether good cause is shown to set aside the entry of default.

On remand, we note that the trial judge in the exercise of his discretion should be guided by the following principles. Default judgments are not favored in the law. While litigants should not be able to disregard process or rules of procedure without impunity, any doubt in such cases should be resolved in favor of having cases decided on their merits. "[A] court might feel justified in setting aside an entry of default on a showing that would not move it to set aside a default judgment." *Whaley v. Rhodes*, 10 N.C. App. 109, 111, 177 S.E. 2d 735, 736-37 (1970). Further, in determining whether good cause to set aside an entry of default exists, the trial judge should examine the pleadings, including the proposed answer defendants would file, if permitted, any competent affidavits, and any depositions available. If good cause is shown, then the entry of default should be set aside.

The order of Judge Stevens is vacated.

The orders of Judge Smith are reversed and the case is remanded.

Judge CLARK concurs in the result.

Judge HEDRICK dissents.

Judge CLARK concurring.

I concur in the result because it more closely approximates the result that would be reached if the appeal should be dismissed. If dismissed, the case would return to the trial court unobstructed by the "judgment of default"; and if there is a trial and final judgment, the appellant could then appeal and challenge the various rulings of the trial court where exceptions have been made and preserved on appeal. The judgment appealed from is interlocutory and not appealable. I would not elect to consider the case on its merits. This Court should pursue a policy of strict adherence to the Rules of Appellate Procedure which are designed to prevent premature and fragmentary appeals.

Judge HEDRICK dissenting.

I respectfully disagree with the results reached by the opinions of the majority. Since my colleagues have reached the same spurious result by travelling in opposite directions, I must treat each opinion separately.

First, I do agree with Judge Vaughn that the order of Judge Stevens dated 9 May 1979 setting aside the judgment of default dated 6 February 1978 must be vacated. The judgment of default entered by Judge Smith on 6 February 1978 was not a "final judgment" within the meaning of G.S. § 1-277 or G.S. § 1A-1, Rule 60(b). Thus, defendants had no right of immediate appeal from the judgment of default which determined the issue of liability only. The judgment of default entered by Judge Smith, although it precluded the defendants from defending the case on the issue of liability, was an interlocutory judgment, and was not immediately appealable. *Tridyn Industries, Inc. v. American Mutual Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979). The proper procedure for

defendants was to except to the entry of the default judgment, as they did, and use such exception as the basis of an assignment of error to be presented for review, when and if the case was appealed after the jury determined the issue of damages. Rule 60(b), by its express terms, applies only to *final judgments. O'Neill v. Bank,* 40 N.C. App. 227, 252 S.E. 2d 231 (1979). Rule 60(b) has no application to a default judgment entered pursuant to G.S. § 1A-1, Rule 55(a), where the issue of damages has not been determined. Judge Stevens, therefore, had no authority to consider defendants' motion to set aside the default judgment entered by Judge Smith, and his order entered pursuant to such motion setting aside the default judgment is a nullity and should be vacated. *O'Neill v. Bank, supra.*

Judge Vaughn's decision vacates Judge Stevens' order, and remands the proceeding to the Superior Court for another Superior Court judge "to determine whether good cause is shown to set aside the entry of default." Judge Vaughn exercises the "discretion" of this Court to reverse the "orders" of Judge Smith and to remand the case to the Superior Court on the premise that Judge Smith was "operating under a misapprehension of the law . . . [in] applying the more strict standards of Rule 60(b)" in not setting aside the "entry of default." While Judge Smith did recite in his order denying defendants' motion to set aside the entry of default that their failure to appear or plead "was not due to any of the reasons justifying relief set out in Rule 60(b)", he plainly stated that he was acting "in the discretion of the Court", and that the defendants had not shown "good cause" for setting aside the entry of default. Obviously, Judge Smith was not "operating under a misapprehension of the law" and was not applying the stricter standards of Rule 60(b) since he made no findings of fact which would have been necessary to support a conclusion of "mistake, inadvertence, surprise, or excusable neglect."

Although this Court may have discretionary authority to rule in some matters, it is, in my opinion, an improper exercise of that discretion for this Court to review and reverse interlocutory and discretionary rulings of the trial court unless or until such matters are before this Court on appeal or by appropriate writ, and the parties have had an opportunity to brief and argue their respective positions. The majority has remanded this case for another Superior Court judge to exercise his discretion with

respect to whether defendants' motion to set aside the entry of default should be denied, and plaintiff's motion for the entry of judgment by default should be allowed. In other words, the majority would have another Superior Court judge either affirm or overrule Judge Smith, in violation of the rule aptly stated by Judge Vaughn that "[g]enerally, one superior court judge cannot overrule another." [*Citing In re Burton*, 257 N.C. 534, 126 S.E. 2d 581 (1962).] If, upon remand, the next Superior Court judge, oblivious to Judge Vaughn's admonition that "[d]efault judgments are not favored in the law", in the exercise of his discretion again denies the defendants' motion to set aside the entry of default, and allows plaintiffs' motion for a default judgment, would this Court again, *ex mero motu*, exercise its "discretion" to review and reverse such orders, and remand for still another hearing before another judge, until the result desired by the majority has been reached?

Judge Clark would dismiss the appeal from Judge Stevens' order setting aside the default judgment on the theory that such order was interlocutory and not immediately appealable. The problem with this ruling is that it leaves standing an order which is void. Judge Clark has in effect allowed one Superior Court judge to overrule another Superior Court judge on essentially the same evidence. While stating that "[t]his Court should pursue a policy of strict adherence to the Rules of Appellate Procedure which are designed to prevent premature and fragmentary appeals", Judge Clark has, in my opinion, ignored not only the Rules of Appellate Procedure, but the Rules of Civil Procedure as well, in dismissing the appeal from Judge Stevens' void order, when it should be vacated, and in reviewing and reversing Judge Smith's orders, and in remanding the case to be considered by another Superior Court judge.

I vote simply to vacate Judge Stevens' order and to remand the proceeding to the Superior Court for trial on the issue of damages.