General Foods Corp. v. Morris

---

GENERAL FOODS CORPORATION v. P.W. MORRIS, A/K/A PAUL WAYNE MORRIS, A/K/A WAYNE MORRIS, T/A METROLINA TOBACCO COMPANY

No. 8026SC426

(Filed 18 November 1980)

Judgments § 13; Rules of Civil Procedure § 55– default – default judgment – finding of no disability not required

G.S. 1A-1, Rule 55 and G.S. 1-75.11 do not require the clerk to make an affirmative finding that defendant is not a minor and is under no legal disability in order to enter a default or a default judgment.

APPEAL by defendant from *Burroughs, Judge.* Order entered 12 February 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 October 1980.

This is an action to vacate the entry of default and default judgment entered by the Clerk of Mecklenburg County against the defendant. Plaintiff's summons and verified complaint were served on the defendant personally on 13 October 1978. No appearance was made, and no answer was filed by the defendant. An entry of default and default judgment were applied for by the plaintiff's attorney and entered by an assistant clerk of superior court on 15 November 1978.

On 22 October 1979, defendant filed a motion, pursuant to G.S. 1A-1, Rule 60(b)(1), (4) and (6), along with a supporting affidavit and exhibits, asking that the default judgment be set aside. Judge Burroughs entered his order denying defendant's

motion on 12 February 1980. Defendant appealed, and the parties have stipulated that defendant's motion to vacate the default judgment also constitutes a motion pursuant to Rule 55(d) to vacate the entry of default.

*Fairley, Hamrick, Monteith & Cobb, by John W. Fairley, for plaintiff appellee.*

*James, McElroy & Diehl, by Allen J. Peterson, for defendant appellant.*

HILL, Judge.

The record does not contain findings that defendant was not an infant or incompetent at the time he was served with summons and complaint in this action or at the time of the entry of default or default judgment. Defendant contends that such findings are necessary and that, because they are missing, the trial court erred in refusing to vacate the entry of default and the default judgment. We find no error.

Rule 55 of the Rules of Civil Procedure reads in pertinent part:

. . . .

(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. — When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear *and if he is not an infant or incompetent person.* A verified pleading may be used in lieu of an affidavit when the pleading contains information sufficient to determine or compute the sum certain. (Emphasis added.)

G.S. 1-75.11 states in pertinent part:

Where a defendant fails to appear in the action within apt time the court shall, before entering a judgment

against such defendant, require proof of service of the summons in the manner required by § 1-75.10 and, in addition, shall require further proof as follows:

> (1) Where Personal Jurisdiction is Claimed Over the Defendant. — Where a personal claim is made against the defendant, the court *shall require proof by affidavit or other evidence* to be made and filed, *of the existence of any fact not shown by verified complaint which is needed to establish grounds for personal jurisdiction* over the defendant. The court may require such additional proof as the interests of justice require. (Emphasis added.)

Defendant appellant contends Rule 55 and the statute, when read together, require an affirmative finding by the clerk that the defendant is not a minor and is under no legal disability. We do not agree.

Defendant's contention is partially based on language in *Roland v. Motor Lines,* 32 N.C. App. 288, 231 S.E. 2d 685 (1977), and *Bailey v. Gooding,* 45 N.C. App. 335, 263 S.E. 2d 634 (1980). *Bailey* at p. 341, *citing* from *Roland,* states that the clerk can enter default judgment pursuant to G.S. 1A-1, Rule 55, "only when (1) plaintiff's claim is for a sum certain . . . and (2) the defendant is defaulted for failure to appear *and is not an infant or incompetent person.*" (Emphasis added.)

We do not construe the language in *Bailey* to require a finding that defendant is not under a disability. The requirement is only that defendant in fact not be under a disability.

Defendant also relies on *Hill v. Hill,* 11 N.C. App. 1, 180 S.E. 2d 424, *cert. denied* 279 N.C. 348 (1971). Before a valid judgment by default can be entered, there must be "proof by affidavit or other evidence 'made and filed' in this case showing that there was a claim arising within or without this State against a natural person, not under disability . . . ." *Hill* at p. 10.

The verified complaint in this case alleges that defendant is a citizen and resident of North Carolina. This is sufficient for the court to obtain personal jurisdiction over defendant under G.S. 1A-1, Rule 55(b) and G.S. 1-75.11(1). In *Hill* the complaint

was unverified, and no affidavit was filed. Therefore, the requirements of G.S. 1-75.11(1) had not been met, and we so found. *Hill* is not to be interpreted as requiring a plaintiff to show that defendant is not an infant and not under disability. In the case *sub judice,* defendant admits that he is not an infant and not under disability.

Defendant has not pursued his contention that the judgment must be abandoned. Defendant has not alleged fraud, misrepresentation, or misconduct by the plaintiff, or excusable neglect by himself. When a party seeks to vacate a default judgment, the burden is on him to show facts which would make the refusal to vacate an abuse of discretion. *See Kershner v. Baker,* 82 N.C. 169 (1880). Defendant has not carried his burden.

The judgment of the trial court is

Affirmed.

Chief Judge MORRIS and Judge ARNOLD concur.