Gene LEE and Georgine Lee, Husband and Wife, Appellants (Defendants),

v.

SAGE CREEK REFINING CO., INC., a Wyoming corporation, Appellee (Plaintiff).

No. 93–128.

Supreme Court of Wyoming.

June 24, 1994.

Joel M. Vincent of Vincent & Vincent, Riverton, for appellants.

Vance Countryman and David B. Hooper of Hooper Law Offices, Riverton, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

CARDINE, Justice.

Gene and Georgine Lee (Lees) appeal from an entry of default and order denying their motion to set aside the default, claiming the district court abused its discretion. We conclude that an entry of default is not a final order and dismiss the appeal.

An appealable order is:

(a) An order affecting a substantial right in an action, when such order, in effect,

---

determines the action and prevents a judgment; or

(b) An order affecting a substantial right made in a special proceeding; or

(c) An order made upon a summary application in an action after judgment; or

(d) An order, including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5), W.R.C.P.; if an appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party; or

(e) Interlocutory orders and decrees of the district courts which:

(1) Grant, continue, or modify injunctions, or dissolve injunctions, or refuse to dissolve or modify injunctions; or

(2) Appoint receivers, or issue orders to wind up receiverships, or to take steps to accomplish the purposes thereof, such as directing sales or other disposition of property.

W.R.A.P. 1.05.

An order denying a motion to set aside an entry of default does not fit within any of the definitions in Rule 1.05 as an appealable order. See *Thynes v. Lloyd*, 294 S.C. 152, 363 S.E.2d 122 (App.1987) (order denying motion to grant relief from entry of default is not appealable); *First–Citizens Bank & Trust Co. v. R & G Const. Co.*, 24 N.C.App. 131, 210 S.E.2d 97 (1974) (same); *Sevenprop Assoc. v. Harrison*, 295 Ark. 35, 746 S.W.2d 51 (1988) (same); *Aetna Life & Cas. Ins. Co. v. Rowan*, 107 Nev. 362, 812 P.2d 350 (1991) (same). Some courts allow appeal of a denial of a motion to set aside an entry of default but do so under the authority of a statute that specifically provides for such appeals. See *Sullivan & Brugnatelli Advertising Co., Inc. v. Century Capital Corp.*, 153 Ariz. 78, 734 P.2d 1034 (App.1986) (appealable as a special order pursuant to ARS § 12–2101(C)); *Tunis v. Barrow*, 184 Cal.App.3d 1069, 229 Cal. Rptr. 389 (2 Dist.1986) (appealable pursuant to West's Ann.Cal.C.C.P. § 473.5).

An entry of default is not a final disposition of the controversy required by W.R.A.P. 1.05. It is simply a clerical act performed by the clerk of court which determines liability but not relief. *Spitzer v. Spitzer*, 777 P.2d 587, 592 (Wyo.1989). Therefore, an entry of default or a denial of a motion to vacate an entry is not a final appealable order.

Appeal dismissed.